AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| United States of America<br>v.<br>Che Dushon Lark<br><br>*Defendant(s)* | Case No.<br>2:21-mj-00066 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 23 to March 17, 2021__ in the county of __Kanawha__ in the __Southern__ District of __West Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Fentanyl and Methamphetamine |

This criminal complaint is based on these facts:
See Affidavit attached hereto.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

W.A. Daniels/MDENT Detective
*Printed name and title*

Sworn telephonically (reliable electronic means) by me.

Date: 03/19/2021

_____
*Judge's signature*

City and state: Charleston, West Virginia        Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, to-wit:

### **AFFIDAVIT**

I, W.A. Daniels, being duly sworn, do hereby depose and state as follows:

1. I am currently a Detective with the Metro Drug Unit in Kanawha County. I have been employed by the Charleston Police Department for over 14 years. From approximately April 2019 until present, I have been assigned to the Metro Drug Unit in Kanawha County, WV. As a Detective for the Metro Drug Unit, I am charged with enforcing the Controlled Substances Act, Title 21, United States Code and the West Virginia Uniform Controlled Substance Act and other duties as imposed by law. Prior to being assigned to the Metro Drug Unit, I was assigned to the Charleston Police Departments Criminal Investigation Division (CID) for over 6 years. During my assignment in CID, I was tasked with investigating violent and property crimes in a plain clothes capacity.

2. On February 23, 2021 at approximately 1145 hours I met with a confidential informant ("CI") who had previously set up a controlled buy from Che Dushon Lark ("Lark"). The deal was supposed to be for one ounce of methamphetamine and five grams of fentanyl for eight-hundred dollars. I provided the CI with prerecorded currency along with an electronic recording device.

After multiple communications with Lark, the CI met two unknown females and Lark in a Nissan Sentra at Young's Department Store. Lark got out of the Sentra before the CI got in. They drove to the area of Cliffview Ave/Clay Avenue and let the CI out of the vehicle at approximately 1217 hours.

3. We drove to the area of Cliffview Avenue and picked up the CI at approximately 1220 hours while other Detectives continued to observe the Sentra. The Sentra pulled onto the lot of Young's and Lark got back inside. The CI entered my vehicle and handed me a clear plastic bag containing a crystal-like substance that I identified as suspected methamphetamine. The CI also handed me four-hundred and ninety dollars in U.S. currency because she only purchased a small amount of methamphetamine and no fentanyl. I asked the CI to call Lark and ask why the full transaction was not completed. The CI called me back after speaking with Lark and explained that he stated he didn't have the entire amount at the time.

4. On March 4, 2021, I met with the CI at approximately 1152 hours and we drove to 500 Delaware Avenue (Kroger) in Charleston, WV. I provided the CI with a recording device. The CI made a deal with Lark for nine grams of heroin/fentanyl in exchange for eight-hundred and fifty dollars. The CI was provided eight-hundred and fifty dollars in prerecorded U.S. currency. Lark called the CI and said, "she's up there," referring to the person

transporting the heroin/fentanyl. The CI asked Lark what vehicle she was in and he stated, "same as the last time." I had previously identified the owner of the Sentra (the "known person"), and she was in the Sentra for the drug transaction on February 23, 2021. The known person was the only occupant inside the vehicle when she picked up the CI. The CI got in the backseat of the vehicle. They drove slowly around the parking lot and the CI got out of the Sentra and walked inside Kroger. The CI then got in my vehicle and handed me a ball of duct tape. The CI stated that the known person removed the duct tape from her bra and handed it to the CI in exchange for the eight-hundred and fifty dollars. The suspected heroin/fentanyl weighed approximately 11.68 grams in its packaging and it will be sent to the DEA laboratory for analysis.

5. On March 17, 2021, I discovered that the known person had traveled to Columbus, OH, and was returning to Charleston, WV. Officers conducted a traffic stop on the known person's vehicle at the Tuppers Creek exit in Kanawha County, WV. The known person immediately stated that she had retrieved a bag from an unknown male in Columbus, and that Lark had told her to go to Columbus and to deliver the bag to Lark when she returned. Detectives searched the bag and discovered what appeared to be a large amount of suspected fentanyl and methamphetamine. The suspected fentanyl was field tested by Detective Johnson and yielded a positive indication for the presence of fentanyl and weighed approximately 201 grams

in its original packaging. The suspected methamphetamine weighed approximately 907 grams in its original packaging and field tested positive for the presence of methamphetamine.

6. The known person agreed to come to the office and conduct a controlled delivery to Lark. The known person stated that she has completed this trip on approximately three occasions and each time delivered the package to Lark at his residence at 4 Woodward Court Charleston, WV. Lark has the known person call him when she is close to his residence and then meets her at the front door.

7. Later that same night, Lark told the known person to "come on in the door's open." The package the known person delivered to Lark on March 17, 2021, contained a small amount of suspected fentanyl provided by MDENT Detectives. Detectives approached the front door just in front of the known person and I noticed Lark looking at me through the cracked front door. I identified myself as a police officer and he immediately slammed the door shut. We then began knocking on the front door announcing "police open the door" with no response from inside. Due to Larks violent criminal history and information provided by CIs that he regularly keeps firearms inside the residence, Detectives were concerned he could be arming himself. At that time Detectives forced entry into the residence and took Lark into custody.

8. We applied for and obtained a search warrant for 4 Woodward Court through Kanawha County Magistrate Court. The

4

following items were seized: $900 in U.S. currency, five cell phones, and a Springfield XD9 9mm pistol.

9. Methamphetamine and Fentanyl are both Schedule II controlled substances.

## CONCLUSION

Based on the above facts, there is probable cause to believe that Lark is engaged in a conspiracy to distribute methamphetamine and fentanyl in the Southern District of West Virginia.

DETECTIVE W.A. DANIELS
METROPOLITAN DRUG ENFORCEMENT
NETWORK TEAM

Sworn to by the Affiant telephonically in accordance with the procedures of Rule 4.1 this 19th day of March, 2021.

HONORABLE DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA