IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:21-cr-00084

CHE DUSHON LARK

ORDER

Pending before the court is Defendant Che Lark's Motion to Reduce Bail pursuant to 18 U.S.C. § 3142. [ECF No. 67]. For the reasons below, the Motion is **DENIED**.

Mr. Lark was arrested at his home on March 17, 2021, and detained per Magistrate Judge Tinsley's order. [ECF No. 15]. On June 10, 2021, a grand jury returned a six-count indictment against Mr. Lark, charging him with: 1) possession with intent to distribute heroin and methamphetamine; 2) distribution of methamphetamine; 3) distribution of fentanyl; 4) felon in possession of a firearm; 5) conspiracy to distribute methamphetamine and fentanyl; and 6) possession of a firearm in furtherance of a drug trafficking crime. [ECF No. 20]. Mr. Lark was arraigned on these charges and remained in the custody of the United States Marshals Service pending further proceedings. [ECF No. 27].

On October 13, 2021, Mr. Lark, by counsel, filed a Motion to Suppress Evidence seized by police from Mr. Lark's home on March 17, 2021. [ECF No. 41]. Finding that the search conducted by law enforcement was unconstitutional, I granted the Motion and ordered that the evidence be suppressed. [ECF No. 64]. The suppressed evidence included, in total: $900 in U.S. currency, five cell phones, and one firearm. [ECF No. 50-1, at 15]. No controlled substances were seized as a result of the March 17, 2021, search or suppressed as a result of my Order.

Mr. Lark argues that my granting of his suppression motion represents "a material change in circumstances" that should persuade me to allow him to be placed on home confinement with electronic monitoring. [ECF No. 67, at 2]. I do not agree. "In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court shall take into account: 1) "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance [or] firearm[;]" 2) "the weight of the evidence against the person;" 3) "the history and characteristics of the person[;]" and 4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. §§ 3142(g)(1)–(4).

The suppression of the firearm found at Mr. Lark's home impacts two of the six charges against him. The remaining four charges allege serious crimes involving controlled substances, which have little to do with the evidence I suppressed. The

government presents that it has more evidence with which to prove these charges, including wiretapped phone calls, controlled drug buys conducted by law enforcement, and confidential informants who will testify against Mr. Lark at his trial. [ECF No. 68, at 2]. Mr. Lark has a lengthy criminal history involving additional controlled substances crimes and repeated flights from law enforcement. In one incident, Mr. Lark absconded to another state and was a fugitive from justice for over three months. *Id.* A pedestrian was killed during Mr. Lark's escape from law enforcement. *Id.* at 1. Three of the current charges against Mr. Lark are the result of conduct that allegedly occurred while he was on home confinement for state charges related to that incident. *Id.* at 2. I am not at all convinced that there are any conditions of release that I could impose that would assure Mr. Lark's appearance at trial or the safety of the community if he was released on home confinement.

For the foregoing reasons, Mr. Lark's Motion to Reduce Bail [ECF No. 67] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 19, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3