IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                      CRIMINAL ACTION NO. 2:21-cr-00084

CHE DUSHON LARK

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Che Dushon Lark's motion to suppress evidence. [ECF No. 89]. Because the evidence was seized in plain view from a purportedly stolen vehicle, the motion is **DENIED**.

I. Background

On the morning of March 6, 2020, a concerned citizen called 911 and reported that a person was "slumped over" in a running car that had been parked in their neighbor's driveway for approximately 30 minutes. [ECF Nos. 89, at 1; 90, at 1]. Charleston Police Department Patrolman Joshua Mena responded to the call and arrived at the subject vehicle at approximately 6:49 a.m., wearing a department-issued body camera that recorded the incident. [ECF Nos. 90, at 2; 90-2]. The audio and video footage reflect that Officer Mena encountered a running silver Volkswagen Jetta with a black male asleep in the driver's seat. Police later identified the driver as Mr. Lark [ECF No. 90, at 1, 5], although in his motion Mr. Lark does not concede

that he is the person in the video. *See* [ECF No. 89 (referring to the driver of the vehicle as the "black male" or "the driver")].

Officer Mena tapped on the driver's window, but the person did not move, so Officer Mena walked around to the back of the car and called in its license plate. He then returned to the driver's window and tapped on it again, this time waking the person, who partially rolled down the window. [ECF No. 90-2, at 1:38]. Officer Mena shined a flashlight into the car and informed the person that someone had reported his presence to the police. Less than ten seconds after the person partially rolled down the window, Officer Mena reached into the car and grabbed a clear plastic packet from the person's lap, stating, "Well, I'm going to go ahead and take this." *Id.* at 1:45. The plastic packet was tied off at the top and contained two distinct substances: one white and powdery and one dense, green, and plant-like. [ECF No. 90-4]. The white substance was later determined to contain methamphetamine and heroin, and police identified the other substance as marijuana. [ECF No. 90, at 2]. Immediately after Officer Mena seized the packet, the person slammed the vehicle's accelerator and fled from the police. [ECF No. 90-2, at 1:49].

After the person escaped, while officers continued to search for him, the silver Volkswagen Jetta he drove was reported stolen by Lauren Kaufman. [ECF No. 90-5]. Ms. Kaufman had rented the vehicle for her own personal use and learned that it was missing on the morning of March 6, 2020. [ECF Nos. 90-1; 90-6, at 26:22]. Although Ms. Kaufman shares a child with Mr. Lark, she repeatedly told police that she

2

believed the vehicle had been stolen, she never gave Mr. Lark or anyone else the authority to use the vehicle, and she rented it solely for her own use. *Id.*

## II. Discussion

At the outset, I note that this motion is the second untimely filing by defense counsel in this matter. *See* [ECF Nos. 55, 58, 82, and 89]. Barring that deficiency, the government makes two arguments that the evidence seized on March 6, 2020, should not be suppressed, either of which would be sufficient to establish that the evidence was seized lawfully. The government prevails on both arguments.

First, while Mr. Lark argues that Officer Mena required a warrant to seize the evidence at issue, the government argues that Mr. Lark lacks Fourth Amendment standing to challenge the seizure of the evidence because he had no reasonable expectation of privacy while occupying a stolen vehicle. To have standing in this context, the defendant bears the burden of proving that he had "a legitimate expectation of privacy in the invaded place," which means an expectation that is not only subjective but also reasonable. *United States v. Ferebee*, 957 F.3d 406, 412 (4th Cir. 2020). As the Supreme Court of the United States has noted, "No matter the degree of possession and control, [a] car thief would not have a reasonable expectation of privacy in a stolen car." *Byrd v. United States*, 138 S. Ct. 1518, 1529 (2018); *see also United States v. Mohammed*, 572 F. App'x 203, 204 (4th Cir. 2014) ("As a passenger in a stolen vehicle, Mohammed lacks standing to challenge the search of the vehicle.").

Here, to the extent Mr. Lark denies he was the individual in the car, he lacks standing to challenge Officer Mena's seizure of the evidence. There can be no legitimate expectation of privacy by a defendant when they deny that they are the person whose privacy was invaded by the government. *See Alderman v. United States*, 394 U.S. 165, 171–72 (1969) ("[S]uppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself."). Moreover, the evidence at issue was seized from a rental car that Mr. Lark allegedly stole. He was not listed on the rental agreement for the car [ECF No. 90-1], and, more importantly, the lawful renter of the car, Ms. Kaufman, reported the vehicle stolen. [ECF No. 90-5]. When police informed Ms. Kaufman that they had identified Mr. Lark as the occupant and apparent thief of the vehicle, she told police that Mr. Lark did not have permission to use the car and that she had rented it solely for her own use. [ECF No. 90-6, at 26:22]. Mr. Lark does not have standing under the Fourth Amendment to challenge the seizure of evidence in a stolen car that he effectively denies occupying.

Second, the government argues that even if Mr. Lark had Fourth Amendment standing to challenge the seizure of the evidence, his claim would fail because the plain view doctrine applies. The plain view doctrine allows for a warrantless seizure of evidence when: "(1) the officer is lawfully in a place to plainly view the object; (2) the officer has a lawful right of access to the object itself; and (3) the incriminating character of the evidence is immediately apparent." *United States v. Jackson*, 131 F.3d 1105, 1108 (4th Cir. 1997) (citing *Horton v. California*, 496 U.S. 128, 136–37

(1990)). Mr. Lark challenges only whether the incriminating character of the evidence was immediately apparent. [ECF No. 89, at 5]. An object's incriminating character is "immediately apparent" if a police officer, upon seeing it, has probable cause to believe it is "evidence of a crime or is contraband." *Arizona v. Hicks*, 480 U.S. 321, 326–27 (1987). Whether probable cause existed to believe the item is associated with criminality is determined under a totality of circumstances. It requires a "practical, non-technical" probability that incriminating evidence is involved. *Texas v. Brown*, 460 U.S. 730, 742 (1983).

Here, the evidence supports the government's argument that Officer Mena observed and immediately appreciated the readily incriminating nature of the packet of drugs he seized. Officer Mena repeatedly shined a light into the vehicle and saw a small packet of two distinct substances that appeared plainly incriminating in character—white powder and marijuana—tied off in clear plastic packaging that is typical of controlled substances, sitting on the lap of a person who had been passed out in a running car in someone's driveway for over thirty minutes. The video shows that less than ten seconds into Officer Mena's interaction with the person in the video, he reached into the partly open window and retrieved the packet, stating, "I'm going to go ahead and take this," which indicates that he recognized the packet was contraband before conducting any further physical search. The totality of the circumstances gave Officer Mena probable cause to believe that the packet contained contraband.

In sum, Mr. Lark lacks standing to challenge the seizure of the evidence which, in any event, did not run afoul of the Fourth Amendment.

### III. Conclusion

For the foregoing reasons, Mr. Lark's motion to suppress evidence [ECF No. 89] is **DENIED**. The pretrial motions hearing scheduled for April 25, 2022, at 1:30 p.m. is **CANCELLED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:    April 20, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE