IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.   CRIMINAL ACTION NO. 2:21-cr-00084

CHE DUSHON LARK

MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Che Dushon Lark's Amended Motion to Reopen Detention Hearing, [ECF No. 260]. For the reasons stated below, the Motion, [ECF No. 260], is **DENIED**.

I.   Background

Following a detention hearing held before Magistrate Judge Dwane L. Tinsley on May 10, 2021, an order of detention was issued, remanding Mr. Lark to the custody of the United States Marshal pending trial. Judge Tinsley found that Mr. Lark's charged offense fell within the specifics offenses which create a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3). *See* [ECF Nos. 15, 16]. After hearing argument from both sides, Judge Tinsley found by a preponderance of the evidence that Mr. Lark posed a risk of nonappearance and found by clear and convincing evidence that he was a danger to the community. [ECF No. 14]. On

1

September 19, 2023, Mr. Lark pleaded guilty to possession with intent to distribute quantities of heroin and methamphetamine, as charged in Count Two of the Superseding Indictment filed against him. [ECF No. 229, at 1]; [ECF No. 75, at 2]. At that time, I adjudged him guilty and found that he stands convicted of violating 21 U.S.C. § 841(a)(1). *See* [ECF No. 229, at 3].

On May 1, 2024, Mr. Lark filed the present amended motion, requesting that the court re-open the detention hearing and reconsider the order of pre-trial detention. [ECF No. 260].[1] Since his detention in 2021, Mr. Lark has completed well over ninety educational and training courses offered by the West Virginia Regional Jail System. [ECF No. 260-1]. Mr. Lark argues that the courses has completed have "substantially changed his circumstances" and that he is now entitled to have his pre-trial detention order reconsidered. [ECF No. 260, ¶ 8]. Furthermore, Mr. Lark contends that a combination of conditions is now available that would allow the court to release him on bond. *Id.* ¶ 11. These suggested conditions include home confinement, electronic monitoring, requiring employment, reporting to the Probation Office, and drug testing. *Id.* Finally, Mr. Lark claims that his release "conforms to the goals of [t]he United States Bail Reform Act." *Id.* ¶ 12 (citing 18 U.S.C. § 3142(c)). I must disagree.

---

[1] Mr. Lark filed his original motion on April 29, 2024, [ECF No. 259], and filed this Amended Motion on May 1, 2024.

## II. Legal Standard

Mr. Lark styles his motion as a motion to reopen the detention hearing. [ECF No. 260]. However, this motion is more properly considered as motion for release pursuant to 18 U.S.C. § 3143 because Mr. Lark is a presentencing detainee who has already been adjudged guilty. *See* [ECF No. 229, at 3 ("[T]he court ADJUDGES the defendant, Che Dushon Lark, guilty, and the defendant now stands convicted of violating 21 U.S.C. § 841(a)(1).")]. Section 3143 governs the "release and detention of defendants pending sentencing." *United States v. Van Bumpus*, No. 2:23-cr-00031-14, 2023 WL 5279651, at *2 (S.D. W. Va. Aug. 15, 2023). Section 3143 provides in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom [the applicable United States Sentencing Guideline] does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

18 U.S.C. § 3143(a)(1).

## III. Discussion

Section 3143 requires that the court detain presentencing defendants who have been found guilty and are awaiting sentencing unless the court has found by clear and convincing evidence that the defendant is unlikely to flee or pose a danger to another person or the community. 18 U.S.C. § 3143(a)(1). Mr. Lark pleaded guilty to Count Two of the Superseding Indictment returned against him which charged him with violating 21 U.S.C. § 841(a)(1). [ECF No. 221, at 1–2]. At the time I accepted

his guilty plea, I adjudged him guilty and found that he stands convicted of violating § 841(a)(1).

Mr. Lark argues that he should be released pending sentencing because his personal circumstances have substantially changed during his time in pre-trial detention. [ECF No. 260, ¶ 8]. Specifically, he contends that the "voluminous number of educational courses" he has completed through the jail system have "substantially changed his circumstances … and that he deserves reconsideration of his ability to obtain a pre-trial bond." *Id.* ¶¶ 7–8. Furthermore, he claims that—were the court to grant his request for release from detention—his fiancée is willing and able "to allow Mr. Lark to reside at [her] residence." *Id.* ¶ 10.

I am unable to find by clear and convincing evidence that Mr. Lark is unlikely to flee nor that he does not pose a risk to the safety of another person or the community. Mr. Lark has a lengthy criminal history spanning several states and decades, which involves numerous instances of fleeing law enforcement as well as absconding from parole supervision. He has a long history of using aliases, impersonation, and fraud. Based on the foregoing, I **FIND** that Mr. Lark remains a high risk of nonappearance.

Moreover, Mr. Lark pleaded guilty to possession with intent to distribute heroin and methamphetamine: two inherently dangerous drugs. [ECF No. 229, at 1]; [ECF No. 75, at 2]. His motion fails to set forth any information which could be construed as clear and convincing evidence that he does not pose a risk to the safety of others or the community. Nothing in Mr. Lark's motion alleviates the court's

concerns regarding his lengthy criminal history, which also includes illegal possession of firearms and distribution and possession of controlled substances. *See* [ECF No. 13, at 4–14]. Furthermore, as I noted above, Mr. Lark has a long history of absconding parole release and committing new offenses while under supervision. Based on these factors, taken together, I **FIND** that Mr. Lark remains a risk to the safety of others and the community.

## IV. Conclusion

Accordingly, for the reasons stated above, Defendant's Amended Motion to Reopen Detention Hearing, [ECF No. 260], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 2, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE