IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:21-cr-00084

CHE DUSHON LARK

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Che Dushon Lark's Motion to Withdraw Guilty Plea, [ECF No. 261]. For the reasons stated herein, the motion is **DENIED.**

I.  Background

Mr. Lark entered into a plea agreement, [ECF No. 227], on September 16, 2023, only days before his trial was scheduled to begin. At his plea hearing on September 19, 2023, Mr. Lark pleaded guilty to Possession with Intent to Distribute Heroin and Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in Count II of the Second Superseding Indictment filed against him. Under the plea agreement, the United States agreed to dismiss Counts I and III against him. *Id.* at 1–2. At Mr. Lark's first sentencing hearing, held on December 14, 2023, then-defense counsel, Mr. J. Miles Morgan, objected to the Government being permitted to address relevant conduct beyond the quantity of drugs stipulated to by Mr. Lark in the Stipulation of

Facts attached to his plea agreement. [ECF No. 254, at 35]. The court ordered the parties to brief the issue and sentencing reconvened on January 8, 2024. *See* [ECF No. 255]. At the second sentencing hearing, the court found that the Government did not breach the plea agreement through its line of questioning or argument in its sentencing memorandum regarding relevant conduct outside that contained in the Stipulation of Facts. At that time, Mr. Morgan moved to withdraw as counsel and informed the court that he believed he had misadvised Mr. Lark as to the court's ability to consider relevant conduct not contained in the Stipulation of Facts. Defendant, by his newly appointed counsel Mr. Tinney, filed the instant motion to withdraw his guilty plea, [ECF No. 261], on May 1, 2024. The United States filed its response, [ECF No. 264], on May 9, 2024.

## II. Legal Standard

Rule 11(d) of the Federal Rules of Criminal Procedure provides that "[a] defendant may withdraw a plea of guilty … after the court accepts the plea, but before it imposes sentence if … the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Fourth Circuit has held that "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003). There are six non-exhaustive factors to be considered when determining whether a defendant has shown a fair and just reason to withdraw his guilty plea. *United States v. Lloyd*, No. 22-4297, No. 22-

4359, 2023 WL 4787447, at *1 (4th Cir. Jul. 27, 2023) (citing the factors outlined by the Fourth Circuit in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). These factors include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248 (4th Cir. 1991).

### III. Discussion

#### A. Plea Colloquy

The most important component of whether a defendant has shown a fair and just reason that he should be allowed to withdraw his plea is the sufficiency of the Rule 11 plea colloquy at which the defendant's plea was accepted. *Bowman*, 348 F.3d at 414. Thus, I begin my analysis there.

Nothing about the plea colloquy supports Mr. Lark's assertion that his plea was entered unknowingly or involuntarily. At the plea hearing on September 19, 2023, the United States orally described the provisions contained in the plea agreement. Mr. Lark confirmed that he understood the plea agreement and what it required of him. [ECF No. 253, at 13]. He then confirmed that each paragraph of the plea agreement was discussed with him before he signed it. *Id.* at 13–14. Mr. Lark also verified his signature and his initials on each page of the plea agreement. *Id.* at

3

14. One such paragraph that Mr. Lark confirmed that he had initialed and discussed with his attorney clearly states that "Mr. Lark understand[s] and acknowledge[s] that the Court is not bound by the Stipulation of Facts." [ECF No. 227, ¶ 10].

Additionally, before accepting Mr. Lark's plea of guilty, the court asked several questions to ensure that there was a factual basis for his plea, that he understood the nature of the charge against him and the legal consequences of pleading guilty, that he understood the constitutional and other legal rights he was giving up by pleading guilty, and that his plea of guilty was entirely voluntary. *See* [ECF No. 253, at 15]. The court specifically addressed the issue of the defendant's maximum sentence exposure during the plea colloquy as follows:

> THE COURT: I find there's a sufficient factual basis. It is a plea of guilty to a felony. It does deprive you of valuable civil rights. Now, we come to the grub of it. Do you understand you expose yourself to a maximum penalty of 20 years imprisonment by entering into this plea and plea agreement? That's the statutory maximum.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand, in addition, I may fine you up to a million dollars or twice the gain or loss resulting from your criminal conduct, whichever is greater?
>
> THE DEFENDANT: I understand everything that's in the plea agreement, sir.
>
> THE COURT: I'm sorry. I can't hear you.
>
> THE DEFENDANT: I understand everything that's in the plea agreement. I read it like ten times.

4

[ECF No. 253, at 22–23]. The court then specifically addressed the application of the Sentencing Guidelines to Mr. Lark's case as follows.

> THE COURT: Mr. Lark, have you discussed with Mr. Morgan the application of the United States Sentencing Guidelines to your case?
>
> THE DEFENDANT: Several times, yes, sir.
>
> THE COURT: I'll only tell you this about the guidelines. I won't be able to determine the guideline provision that applies to your case until after the probation department has conducted a presentence investigation, prepared a report, shared it with you, your lawyer and the Government. And only after everyone's had an opportunity to make corrections and I've ruled on any objections will I be able to determine the applicable United States Sentencing Guideline Range. Do you understand?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand even if you do not like my sentence, you'll still be bound by your guilty plea and not be permitted to withdraw it?
>
> THE DEFENDANT: Yes, sir.

*Id.* at 24–25.

Here, the plea hearing was thorough and complete. Mr. Lark answered affirmatively, under oath, when asked if his plea was knowing and voluntary. Defendants are generally bound by statements made under oath during Rule 11 hearings. *United States v. Cheese*, 411 F. App'x 609, 611 (4th Cir. 2011) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) and *Beck v. Angelone*, 261 F.3d 377, 395–96 (4th Cir. 2001)). Accordingly, I FIND that the Rule 11 plea colloquy was sufficient and does not support allowing Mr. Lark to withdraw his plea of guilty.

B. *Moore* Factors

After analyzing the *Moore* factors, I FIND that Mr. Lark has not demonstrated a fair and just reason that he should be permitted to withdraw his plea. The Fourth Circuit has held that "[t]he first, second, and fourth *Moore* factors generally are the most significant" and entitled to the most weight. *Lloyd*, 2023 WL 4787447, at *2 (citing *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995)). Thus, I will first consider those factors before turning to the remaining factors.

First, and most relevant to Mr. Lark's motion, is whether he has presented credible evidence that his plea was not knowing or voluntary. Mr. Lark argues in his motion that it was not. [ECF No. 261, at 1. Specifically, he contends that he was informed by his attorney that only the conduct outlined in the Stipulation of Facts would be considered by the court when determining his United States Sentencing Guidelines Range and his ultimate sentence. *Id.* at 2. Although Mr. Lark provides an affidavit from his then-attorney, Mr. Morgan, to support his assertions that he was misadvised as to the calculation of his Guidelines range and the amount of relevant conduct that the court would consider, *see* [ECF No. 261-1], I do not find this to sufficiently evince that his plea was not knowing or voluntary.

Rather than demonstrating that Mr. Lark's plea was not knowing or voluntary, Mr. Morgan's affidavit instead supports a finding that Mr. Lark was aware that the court was not bound by the Stipulation of Facts. In his affidavit, Mr. Morgan states that he explained to Mr. Lark "that the amount of controlled substances he would be

6

stipulating to was the total amount of relevant conduct that he would be responsible for, *at least as between himself and the Government*, while at the same time, advising him that *the Court was in no way bound by the Stipulation.*" *Id.* ¶ 8 (emphasis added). This, coupled with the fact that Mr. Lark confirmed he understood each paragraph of his plea agreement—which included a paragraph that explained that the court is not bound by the Stipulation of Facts—indicates that Mr. Lark's plea was knowing and voluntary.

Moreover, the Fourth Circuit has repeatedly held that defendants are not entitled to withdraw pleas of guilty that are otherwise voluntary simply because the defendants were given erroneous advice by counsel. In *United States v. Lambey*, the court found that defense counsel's incorrect advice regarding the sentence range was not a basis for withdrawal of plea where the defendant was made aware that his sentence was not yet certain and would be determined by the court. 974 F.2d 1389, 1395 (4th Cir. 1992). In *United States v. Washington*, the court held that a defendant could not "meet the heavy burden of showing that counsel's erroneous advice … established a fair and just reason for withdrawing his guilty plea" because he responded in the affirmative to questions from the court during the plea colloquy. 233 F. App'x 280, 282 (4th Cir. 2007). The present motion is analogous to the motions for withdrawal considered by the Fourth Circuit in *Lambey* and *Washington*. Even if Mr. Lark's plea came as a result of Mr. Morgan's purportedly erroneous advice, it would

7

not establish a fair and just reason for withdrawing his guilty plea because he responded affirmatively, under oath, when questioned during his plea hearing.

The remaining *Moore* factors likewise do not support allowing Mr. Lark to withdraw his plea. With respect to the second factor, the Mr. Lark does not assert his legal innocence. The United States argues in its response to the defendant's motion to withdraw his plea that even if Mr. Lark did assert his legal innocence, "there is zero evidence to support such an assertion." [ECF No. 264, at 6]. The Government characterizes the evidence against Mr. Lark as "overwhelming," explaining that the crime was largely captured by police body cameras and "corroborated by the peculiar way [he] packages controlled substances for distribution." *Id.* Furthermore, the Government highlights that Mr. Lark signed the Stipulation of Facts admitting his conduct to the court and agreed with the factual basis of his charge as presented by the Government during the plea hearing. *Id.* (citing [ECF No. 253, at 21]). As to the fourth *Moore* factor, which calls for the consideration of whether the defendant "had close assistance of competent counsel," *Moore*, 931 F.2d at 248, Mr. Lark had competent counsel during the pretrial period and during plea negotiations.[1] During his plea hearing, Mr. Lark affirmed multiple times that he understood the terms of

---

[1] Mr. Lark has expressed dissatisfaction with each of the numerous attorneys he has been appointed, and the court has extended him great latitude in his repeated requests for new counsel. During the second sentencing hearing on January 8, 2024, when Mr. Lark's most recent former counsel moved to withdraw as counsel, the court made clear to Mr. Lark that he has had competent legal representation and that after the appointment of his current counsel, Mr. Tinney, the court would not grant another request for a new attorney. [ECF No. 255, at 6–9].

the plea agreement and confirmed that he had signed and initialed the plea agreement. [ECF No. 253, at 13–15]. In addition, Mr. Lark was asked about the adequacy of Mr. Morgan's representation during his plea hearing and answered as follows:

> THE COURT: …Do you believe you've had adequate time to discuss your case with your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has he been able to answer your questions about how best to proceed in this matter?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you fully satisfied with the legal advice he's given you?
>
> THE DEFENDANT: Yes, sir.

[ECF No. 253, at 5].

While the first, second, and fourth *Moore* factors are more significant—and here, cut against a finding that Mr. Lark has demonstrated a fair and just reason for requesting the withdrawal of his plea—I will nonetheless consider the third, fifth, and sixth factors as well. As to the third factor, more than two years passed between Mr. Lark's initial indictment and his guilty plea. *See* [ECF No. 20 (illustrating that the initial indictment in the present case was entered on June 11, 2021)]; *see also* [ECF No. 229 (illustrating that Mr. Lark's guilty plea was entered on September 19, 2023)]. The court deferred acceptance of his plea agreement until his first sentencing hearing on December 14, 2023. Thus, Mr. Lark had "sufficient time to consider his

9

options." *United States v. McGuirk*, No. 2:18-cr-00225-05, 2020 WL 5005429, at *4 (S.D. W. Va. Aug. 24, 2020).

In evaluating the fifth and sixth *Moore* factors, the court looks to whether the defendant can demonstrate that the potential prejudice to the government and the inconvenience to the court as a result of the withdrawal of the guilty plea would be small. *Sparks*, 67 F.3d at 1154. Here, the United States argues that it would be prejudiced by the delay because "[a]gents have moved out of state [and] lay witness memories fade." [ECF No. 264, at 6]. The Government also stresses the inconvenience and prejudice to Mr. Lark's co-defendant who has agreed to cooperated and whose case "has been held in a state of suspension as [Mr. Lark's] case continues to stall." *Id.* It is well-established that the defendant need not demonstrate that prejudice or inconvenience is non-existent. *Id.* at 1154 n.5; *see United States v. Brown*, No. 3:20-cr-415-MOC, 2022 WL 17652883, at *3 (W.D.N.C. Dec. 13, 2022) (citing *Sparks*, 67 F.3d at 1154) (noting that withdrawal almost always prejudices the government to some extent). Accordingly, the court finds that the prejudice to the government and the inconvenience to the court caused by the withdrawal of the plea would be small. Thus, the fifth and sixth factors weigh in favor of allowing withdrawal.

## IV. Conclusion

Neither the plea colloquy nor the consideration of the *Moore* factors supports a finding that Mr. Lark has shown a fair and just reason to withdraw his guilty plea. Accordingly, Mr. Lark's Motion to Withdraw Guilty Plea, [ECF No. 261], is **DENIED.**

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 13, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

11